# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**THERESA ANN DAWSON,**

   **Plaintiff,**

v.                 Case No: 6:17-cv-782-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

   **Defendant.**

## MEMORANDUM OF DECISION

  Theresa Ann Dawson (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying her application for disability insurance benefits. Doc. 1; R. 1-3, 157-160. Claimant argued that the Administrative Law Judge (the ALJ) erred by failing to apply the proper legal standards in determining whether Claimant had a medically determinable impairment prior to her date last insured. Doc. 13 at 10-13. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

### I.  THE ALJ'S DECISION

  In December 2014, Claimant filed an application for disability insurance benefits. R. 13, 157-60. Claimant alleged a disability onset date of December 1, 2013. *Id*.

  The ALJ issued her decision on November 14, 2016. R. 13-17. In her decision, the ALJ found that Claimant's date last insured was December 31, 2013. R. 15. The ALJ then found that Claimant did not have any medically determinable impairments through the date last insured. R. 15-17. The ALJ therefore found that Claimant was not disabled between the alleged onset date and the date last insured. R. 17.

## II. STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III. ANALYSIS

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a medically determinable impairment or combination of impairments that is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c). "An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the

individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two is a threshold inquiry that "allows only claims based on the most trivial impairments to be rejected"); *see also* 20 C.F.R. § 404.1521(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.[1]").[2] Although the claimant bears the burden of proof in establishing that the claimant suffers from a severe impairment or combination of impairments, "claimant's burden at step two is mild." *McDaniel*, 800 F.2d at 1031; *see Gibbs v. Barnhart*, 156 F. App'x 243, 246 (11th Cir. 2005) (stating that the claimant must prove that he or she suffers from a severe impairment or combination of impairments).[3] If at step two the ALJ finds that a claimant has even one severe impairment, then the ALJ must proceed to the next sequential steps.

As an initial matter, the Court finds that Claimant's single, brief argument attacking the ALJ's decision in this case is not clear on its face and makes judicial review particularly difficult in this case. That said, it appears that Claimant argues that the ALJ erred by not correctly applying Social Security Ruling (SSR) 83-20 to the facts of her case. Doc. 13 at 10-13. In support, Claimant

---

[1] The phrase "basic work activities" is defined as "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). Examples of basic work activities include "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b)(1)-(6).

[2] Effective March 27, 2017, section 404.1521(a) was moved to section 404.1522(a). *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01 (Jan. 18, 2017).

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

argues that pursuant to SSR 83-20 the ALJ may infer that a claimant's disability began prior to the date of the claimant's first recorded medical examination based upon evidence obtained from family members and the opinion of a "medical advisor" but that the ALJ failed to consider evidence other than the medical findings. *Id*. In response, the Commissioner argues that SSR 83-20 is not applicable to the facts of this case. Doc. 13 at 18-19.

Even assuming that SSR 83-20 is applicable to this case – and the Court does not make the finding that it is – the ALJ complied with SSR 83-20 and, thus, Claimant's argument is without merit. The ALJ sought the opinion of a "medical advisor" – Scott Belliston, D.O. – when determining whether Claimant suffered from disabling symptoms in December 2013. Doc. 627, 633. And it is apparent from the ALJ's decision that the ALJ considered all of the evidence, including the testimony of Claimant's husband.[4] *See* Doc. 15-17, 28. Accordingly, the Court finds that Claimant's allegation that the ALJ's failed to comply with SSR 83-20 by failing to consider evidence other than the medical findings is without merit. To the extent that Claimant was attempting to raise some other issue in relation to SSR 83-20, Claimant waived the argument by raising it in a perfunctory manner. *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK,

---

[4] The ALJ specifically noted Claimant's husband's testimony that Claimant began experiencing symptoms in 2013. R. 16. In addition, the ALJ discussed Dr. Belliston's opinion that Claimant began experiencing disabling limitations in November 2013. *Id*.

2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")).

To the extent Claimant's argument could be interpreted as an argument that the ALJ failed to properly weigh Dr. Belliston's opinion that Claimant began experiencing disabling limitations in November 2013, Claimant's argument is also without merit. First, Dr. Belliston was not a treating physician and, as such, his opinion was not entitled to any special deference. *See* 20 C.F.R. § 404.1527(c). Second, contrary to Claimant's incorrect assertion that the "only reason the ALJ gave for rejecting [Claimant's] testimony was that she was not treated for PLS until after her date last insured," the ALJ provided an adequate explanation for rejecting Dr. Belliston's opinion. Specifically, the ALJ stated as follows:

> The undersigned assigned the opinion that the disabling limitations began in November 2013 little weight because it is inconsistent with the evidence of record. The evidence shows that on January 20, 2014, the claimant appeared at Progressive Wellness Center for regular medication refills (Exhibit 21F/7). The notes state that she is doing well on meds and had not lost weight. There were no significant symptoms listed and the assessment was menopause. These and other records shortly after the date last insured support a finding that she was not yet experiencing disabling symptoms in December 2013.

R. 16. The reason offered by the ALJ for assigning little weight to Dr. Belliston's opinion – that Claimant's medical records from early 2014 support a finding that Claimant was not experiencing disabling symptoms in December 2013 – is supported by substantial evidence. *See* R. 311-12, 318-20, 347-49, 644.

Finally, to the extent that Claimant's argument could be interpreted to be that the ALJ's decision was not supported by substantial evidence, Claimant's argument is without merit.

Substantial evidence supports the ALJ's finding that Claimant's medical records from early 2014 demonstrate that Claimant was not experiencing disabling symptoms in December 2013. *See* R. 16, 311-12, 318-20, 347-49, 644. Regardless, Claimant failed to argue that the ALJ's finding is not supported by substantial evidence and, thus, waived the argument. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2.

In sum, even if the Court were to accept Claimant's premise that SSR 83-20 applies to this case, Claimant's argument is without merit. It is apparent from the ALJ's decision that she considered all of the evidence and sought the opinion of a neurologist when determining whether Claimant was experiencing disabling symptoms in December 2013. R. 15-17, 627. The ALJ then determined that Claimant was not experiencing disabling symptoms in December 2013. That determination is supported by substantial evidence.

### IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and
2. The Clerk is directed to enter judgment for the Commissioner and against Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on July 31, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Emily Ruth Statum
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Drive
Suite 300
Orlando, Florida 32817-9801